UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERNESTO REYES JARAMILLO, | ) |
| Plaintiff, | ) |
| VS. | ) Civil Action No: SA-10-CA-179-XR |
| COMAL COUNTY, COMAL COUNTY SHERIFF'S DEP'T, and BOB HOLDER, Comal County Sheriff | ) |
| Defendant. | ) |

**ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed April 5, 2011. (docket no. 50), Plaintiff's objections thereto (docket no. 54), and Defendants' response to those objections (docket no. 55). After careful consideration, the Court will accept the recommendation to GRANT summary judgment against the Plaintiff.

**Background**

Plaintiff, a pre-trial inmate at the Comal County Jail from April 26, 2008 to February 27, 2009, was assaulted by other inmates on June 17, 2008. After an initial attack where another prisoner slapped him in the face, Plaintiff, who speaks and writes only in Spanish, filled out an Inmate Service Request form asking for help. Inmate Service Request forms are collected by officers who patrol the jail cells every thirty minutes. The forms are then handed to the deputy on duty. Plaintiff's form was received by the officer on duty who could not read Spanish and did not act on

1

the request.

About twenty minutes after submitting the first form, Plaintiff submitted another request form asking for assistance, again in Spanish, and the deputy on duty again did not act on the request.

Shortly after submitting the second form, Plaintiff was assaulted by other inmates. The attack resulted in injuries to his ears, ribs, eye, knees, and left shoulder. After the assault Plaintiff was provided medical attention for his injuries.

Plaintiff alleges that the Defendants have a policy of treating inmate requests written in Spanish with less care and expediency than those written in English, that directly resulted in the violation of his constitutional rights as an inmate. He also claims that the Defendants failed to provide adequate medical care by failing to provide for doctor-recommended surgery on his shoulder. He pursues these claims under the Due Process Clause of the Fourteenth Amendment and under the Eighth Amendment to the United States Constitution. He also sues Defendants under the Due Course of Law Clause of Article I, § 19 of the Texas Constitution and under the Texas Tort Claims Act.

Defendants' motion for summary judgment was heard by Magistrate Judge Primomo. The Judge issued a Memorandum and Recommendation ("Recommendation") advising that the motion be granted. The Recommendation determined that the facts failed to show the existence of a municipal policy of treating inmate service requests written in Spanish differently than those written in English. Mem. Rec. 12. The Recommendation relied on a number of statements denying the existence of such a policy made by officers and other city officials. *Id.* 10, 13. The Recommendation also noted that the Plaintiff failed to put forth evidence that established the existence of such a policy. *Id.* 12. Regarding Plaintiff's claim that the Defendants failed to provide

2

adequate medical care, the Recommendation found that the Defendants provided the care recommended by a qualified medical practitioner and thus were not deliberately indifferent to the need for medical care. *Id*. 22. Judge Primomo also found that Defendants failed to establish proof of a county policy of providing inadequate medical care. *Id.* 23.

The Magistrate Judge's Recommendation determined that the Plaintiff's state law claims under the Texas Constitution should be dismissed because there is no private cause of action for damages for alleged violations of the Texas Constitution. *Id.* 24. It also recommended the dismissal of the claims under the Texas Tort Claims Act because the Defendants have not waived their sovereign immunity and the Plaintiff failed to offer proof that his injuries were proximately caused by the condition or use of tangible or real property. *Id*.

The Plaintiff filed Objections to the Magistrate's Memorandum and Recommendation ("Objection"). Plaintiff contends that the Recommendation (1) mischaracterizes the Plaintiff's claim about the Defendants' policy, (2) erroneously discounts evidence regarding the existence of an official policy, (3) ignores evidence as to the terms of the policy, (4) erroneously applies a *respondeat superior* standard, and (5) incorrectly concludes that the Defendants' policy was not the moving force behind the Plaintiff's injury. Pl's Obj. 1-2.

Defendants' Response to Plaintiff's Objections to the Magistrate's Memorandum and Recommendation ("Response") points out that the Objection only disputed issues related to the Plaintiff's claim for failure to protect. It further argues that the Recommendation's conclusion to dismiss the failure to protect claims was correct. It argues that the Recommendation accurately characterized the Plaintiff's claim about the Defendants' alleged policy and fully addressed all the related issues. The Response further contends that such a policy could not be the moving force

behind the Plaintiff's injury. Defendants argue that this Court should follow the recommendation to grant summary judgment.

## Legal Standard

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any portion of a Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Neither does the Court need to apply a de novo standard to issues which the Objection does not address. *See* 28 U.S.C. §636(b)(1). The portions of the Recommendation not addressed by the Objection will be reviewed by the Court only to determine whether they are clearly erroneous or contrary to law.

Thus, this Court will apply a de novo standard of review to the portion of the Recommendation dealing with the Plaintiff's claim for failure to protect and will apply a clearly erroneous standard to that portion dealing with the Plaintiff's claim for denial of adequate medical care, violation of the Texas Constitution, and violation of Texas Tort Claims Act.

Under both the de novo and clearly erroneous standard, summary judgment will be granted if there is no issue of genuine material fact and the moving party is entitled to judgment as a matter

of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of fact exists only if a reasonable jury could find for the non-moving party; a fact is material only if it might affect the outcome of the suit under applicable law. *Id*. at 248.

Prison officials have a constitutional duty to protect inmates from violence at the hand of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). When such violence nevertheless occurs, § 1983 claims against officials for failure to prevent harm require the plaintiff to show two things: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm" and (2) the official manifested deliberate indifference to inmate safety. *Farmer*, 511 U.S. at 834.

When a claim is brought against a government entity rather than a particular official, the government entity is found to have manifested deliberate indifference only when it has a policy or custom that is the source of the action which inflicts the constitutional injury. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, at 694 (1978). To successfully bring a case against a government entity, Plaintiff must show deliberate indifference by establishing that there was "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010).

Under the first prong, plaintiffs can demonstrate the existence of a policy or custom through evidence of an actual policy, officially adopted by those with policymaking authority. *Id*. 542. A policy may also be established by proving that there was "a persistent, widespread practice of city

officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). This method requires the showing of some pattern or common practice. *Id*. at 842. A single action by a state official can suffice to show the existence of a policy, but this is an extremely narrow exception applied only when the action is made by a person determined to be a final policymaker for the municipality. *Id*.; *See also Connick v. Thompson*, 131 S.Ct. 1350, 1359-60 (2011).

The second prong, that a policymaker had actual or constructive knowledge of a policy, requires showing that the official has the "the responsibility for making law or setting policy in any given area of a local government's business." *Valle*, 613 F.3d, at 542 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988)). Whether an official has final policymaking authority sufficient to create municipal liability is a matter of state and local law. *Valle*, 613 F.3d, at 542.

The third prong, that the policy or custom was the moving force behind the constitutional violation, requires a showing that the "municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). The Plaintiff must show moving force causation: that the municipality is culpable and that a causal link exists between the action and the constitutional violation. *Id*. Deliberate indifference is more than simple negligence. *Id*.

**Analysis**

Plaintiff's claim is limited to the extent of any governmental liability of Comal County. Plaintiff's claim against Bob Holder, Comal County Sheriff, reduces to a claim against Comal County because official capacity suits equate to suits against that entity of which the official is an agent.

*Hafer v. Melo*, 502 U.S. 21, 25 (1991). The claim against Holder is a claim for actions in his capacity as sheriff acting within the scope of his discretionary authority, and is therefore treated as a claim against the county. *Brooks v. George County, Miss.*, 84 F.3d 157, 164-65 (5th Cir. 1996). Further, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory; in other words, it cannot be held legally responsible solely because it employs a wrongdoer." *Monell*, 436 U.S. at 694.

Plaintiff's claim against Comal County Sheriff's Department is also essentially a claim against the County as the department is not a separate legal entity from Comal County. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991)(the existence of a police department as a jural entity depends on the department being a separate legal entity from the county). Thus, only the liability of Comal County is at issue in this case. Accordingly, Plaintiff's burden under § 1983 requires a showing that the municipality engaged in deliberate indifference under the three pronged analysis explained in *Valle*: there (1) exists an official policy, (2) of which a policymaker was aware, and (3) the policy was the moving force behind the violation of Plaintiff's constitutional rights. 613 F.3d at 541-42.

1. Failure to Protect

In this case, Plaintiff has not provided evidence that the Defendants exhibited deliberate indifference, through a municipal policy or custom of which a policymaker was aware, or that deliberate indifference was the moving force behind the violation of Plaintiff's constitutional rights. Therefore, Defendants' motion for summary judgment is granted as recommended by the Magistrate Judge.

Plaintiff's claim fails to establish the existence of a municipal policy under the first prong of

the test for municipal deliberate indifference. In the Plaintiff's First Amended Complaint ("Complaint"), the Plaintiff alleged that Defendants denied the Plaintiff's constitutional rights and caused him injury through the maintenance of their policies, practices, and customs. Pl's First Am. Compl. 6. Concerning these policies, practices, and customs, the Plaintiff asks the Court, through his Objection to the Recommendation, to consider specifically the claims that the Defendants "requir[e] non-English speaking inmates to submit their complaints in English and fail[ ] to respond promptly to complaints by inmates of potential violence. Pl's Obj. 3-4; Pl's First Am. Compl. 5. In the Objection, Plaintiff summarizes these complaints into the specific allegation of municipal policy as follows: "Defendants had a policy of treating inmate requests made in Spanish differently, and with less urgency, [than] similar requests made in English." Pl's Obj. 4. Though nowhere specified in the Complaint, the Plaintiff makes clear in the Objection that he does not claim that Defendants maintained an unofficial custom manifested through widespread practice but rather that the Defendants maintained an official policy. Pl's Obj. 6. Whether the Plaintiff relies on the characterization of allegations in the Complaint or in later filings, the Plaintiff fails to establish the existence of a municipal policy.

To show the existence of an official policy, Plaintiff must point to evidence of an actual policy officially adopted by those with policymaking authority. *Valle*, 613 F.3d, at 542. Plaintiff points to a number of factual allegations that he argues evidence the existence of a policy: (1) Defendants do not provide Inmate Service Request forms in Spanish; (2) there are no Spanish-language instructions on how to use Inmate Service Request forms; (3) instructions on how to request emergency assistance are not provided in Spanish; (4) the Spanish-language Inmate Handbook does not contain a sample of the inmate service request form, (5) the Defendants' documentation procedure does not ensure that

8

Spanish-speaking inmates receive a Spanish-language Handbook; (6) written responses to Inmate Service Request forms are only given in English; (7) Spanish-speaking inmates may be required to get assistance to translate such a response; (8) Defendants do not train officers on how to respond to Inmate Service Request forms written in Spanish; (9) Plaintiff was not instructed in the use of Inmate Service Request forms by Defendants but by another inmate; (10) no time limit exists on how quickly guards must translate an inmate service request form written in Spanish into English; (11) when an Inmate Service Request form is written in English it is the policy of Defendants to assess the situation and make contact with the inmate, contact that may well occur during regular security checks; and (12) since this Inmate Service Request form was not in English, no such contact was made. Pl.'s Resp. Defs' Summ. J. Mot. 6-7. None of these allegations taken individually, nor all of these allegations taken in sum, are sufficient to show the existence of a policy.

Factual allegations (1)-(6) can all be reduced to the simple premise that, in matters related to the Inmate Service Request form, Defendants failed to provide a Spanish alternative to the materials, forms, instructions, or answers they provided in English. None of these allegations, taken as true for the purposes of summary judgment, are sufficient to show the existence of an official policy of treating Inmate Service Request forms written in Spanish with less urgency than those written in English. These allegations are only sufficient to show that inequality exists between the amount of English and Spanish material provided to inmates by Defendants. However, the insufficiency of Spanish-language material does not demonstrate the existence of an affirmative policy of the nature described by the Plaintiff.

Allegations (7) and (9) describe the consequences for Spanish-speaking inmates that result from the lack of Spanish-language material. These allegations do not point to the existence of a

9

policy. They deal only with possible inmate conduct as a result of a lack of Spanish-language material.

Allegations (8) and (10) point to the Defendants' failure to train officers on how to approach request forms written in Spanish. Allegation (11) purports to describe what the Defendants would have done had the request form been written in English and (12) describes what actually happened. These allegations are not demonstrative of an official policy or custom of treating Spanish-language forms with less expediency than English forms. While the allegations point to practices that, if true, would leave the door open for the very injury that happened to the Plaintiff, Plaintiff has the burden of providing evidence that the Defendants promulgated an official policy or maintained a consistent and widespread practice sufficient to show the existence of a custom. *Valle*, 613 F.3d at 541. These allegations fail to show that Defendants had an official policy or a consistent and widespread practice.

The Plaintiff also seeks to establish the existence of an official policy by pointing to the interoffice memorandum issued by Maj. Bell on the day subsequent to the attack on the Plaintiff and changes in practices that followed the memorandum. Pl.'s Resp. Defs.' Summ. J. Mot. 7; Pl.'s Obj. 5. The memorandum made clear that Inmate Service Request forms written in Spanish should be translated immediately. *Id*. At some point following the memorandum and the incident in question, Defendants began providing Inmate Service Request forms written in Spanish and Spanish instructions on how to use such forms. *Id*. Plaintiff relies on the supposition that the introduction of a time limit for translating Inmate Service Request forms and the subsequent use of Spanish-language forms demonstrates that, before the attack on the Plaintiff, Defendants had an official policy of treating request forms written in Spanish with less urgency. *Id*.

This evidence, taken as true, could at the very most convince a reasonable jury that Defendants

adopted different practices as a result of the attack on the Plaintiff. Evidence of a change in practice, however, is not evidence that the Defendants had an official policy adopted by those with policymaking authority to treat Spanish-language inmate requests forms with less immediacy than English-language forms. The Plaintiff failed to show that the Defendants maintained an official policy of the character alleged by the Plaintiff in the Complaint and in the Objection.

Plaintiff could have sought to show the existence of a municipal policy by providing evidence of a persistent pattern of common behavior by city officials sufficient to "constitute a custom that fairly represents municipal policy." *Webster*, 735 F.2d at 841. This claim would have failed had it been asserted because of the failure to provide evidence of a pattern of behavior by municipal officials.

As Plaintiff has failed to establish evidence sufficient to permit a reasonable jury to find for him, Defendants' motion for summary judgment will be granted in accordance with the Recommendation.

2. Medical Care and State Law Claims

Plaintiff's failure to file written objections to the proposed findings under the claims for denial of medical care, violation of the Texas Constitution, and violation of the Texas Tort Claims Act bars these claims from a de novo determination. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The proposed findings will instead be analyzed as to whether they are clearly erroneous or contrary to law. *Wilson*, 864 F.2d, at 1221.

The Magistrate Judge concluded that Plaintiff's denial of medical care claim fails to establish a genuine issue of material fact for two reasons. The first is a failure to controvert evidence that Plaintiff received treatment as prescribed by orthopedists. The second is lack of proof of a municipal

policy of denying medical care.

The judge concluded that Plaintiff's claim for violation of the Texas Constitution failed because there is no private cause of action for damages for alleged violations of the Texas Constitution. *See RBIII, L.P. v. City of San Antonio*, 2010 WL 3516180, at *7 (W.D. Tex. 2010). His claim for violation of the Texas Tort Claims Act fails because the Defendants have not waived sovereign immunity under the Act because Plaintiff failed to offer proof that his injuries were proximately caused by a condition or use of tangible or real property. Mem. Rec. 24; Mot. Summ. J. 15-18 (citing *University of Tex. Medical Branch v. York*, 871 S.W.2d 175, 179 (Tex. 1994).

As the Magistrate Judge's determinations in the Recommendation are not clearly erroneous or contrary to law, these claims should be dismissed.

## Conclusion

Plaintiff fails to present evidence to allow a reasonable jury to find that an official policy existed sufficient to establish a claim under § 1983 and neglected to object to the Recommendation's determinations regarding inadequate medical care, violations of the Texas Constitution, and violation of the Texas Tort Claims Act. The Recommendation's determinations are not clearly erroneous or contrary to law. Accordingly, the Defendants' motion for summary judgment is hereby GRANTED.

It is so ORDERED.

SIGNED this 10th day of June, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE